JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Christopher Gooden, appeals the trial court's designation of him as a child-victim oriented offender. This is defendant's second appeal to this court. In his first appeal, we upheld his conviction for, among other things, kidnapping a fourteen-year-old child. Because kidnapping a child is one of the crimes which, at the time of his sentencing, was listed under R.C. 2950.09 as requiring a sexual predator hearing, the trial court held such a hearing on the same day defendant was sentenced, February 13, 2003, and found that, although defendant was not a sexual predator, he was, according to the terms of the statute, a sexually oriented offender.
 {¶ 2} This court ruled that without a sexual animus to the kidnapping, a finding that defendant was a sexually oriented offender was unconstitutional. We explained that because there was no rational relationship between the crime and the purposes of the statute, the finding offended due process. We then remanded the case for the trial court to remove the order designating defendant to be a sexually-oriented offender, along with the reporting requirements. State v. Gooden, Cuyahoga App. No. 82621, 2004-Ohio-2699, ¶¶ 67-68.
 {¶ 3} Upon remand, the trial court held a hearing pursuant to R.C. 2950.091, a statute enacted after defendant's conviction and sentencing. This new statute created a provision for non-sexual offenses against children. The statute authorized the court, under certain circumstances, to redefine the status of an offender previously classified a sexual predator under R.C.2950.09 for an offense which did not require a sexual animus, as in kidnapping. It established three categories of offenders: child-victim predator, habitual child victim offender, and child-victim oriented offender. Each of these categories has its own reporting requirements.
 {¶ 4} When this court remanded the case at bar to the trial court for removal of defendant's sexually-oriented offender status, the trial court sua sponte ordered the warden of Richland Correctional Institute to forward an H.B. 180 packet to it and ordered the sheriff to transport defendant "FOR A HEARING PURSUANT TO H.B. 2950.091." Judgment entry of March 3, 2005. In its hearing on March 31, 2005, the court indicated the following: it had received a document which was a "screening instrument." On this document, a box marked "No" was checked "relative to whether the offender should be referred to the court for a sexual predator hearing." The court further observed it had no screening instrument relative to classifying him as a child-victim oriented offender, as well as no recommendation "that DRC wants Mr. Gooden screened" for classification as a child-victim predator. (Tr. 8) After holding a hearing applying the new statute, the trial court found defendant to be a child-victim oriented offender under the new statute and informed him of his reporting requirements. The court's judgment entry states:
HEARING HELD PURSUANT TO 2950.091 AS TO SEXUAL PREDATOR CLASSIFICATION. COURT HAS RECEIVED NO SCREENING INSTRUMENT FROM THE ODRC RECOMMENDING THAT DEFENDANT BE CLASSIFIED AS A SEXUAL PREDATOR. ACCORDINGLY, THIS COURT HAS NO JURISDICTION TO HOLD A HEARING AS TO SAME. COURT DECLARES PURSUANT TO O.R.C. 2950 THAT DEFENDANT WAS CONVICTED OF A CHILD-VICTIM ORIENTED OFFENSE. COURT INFORMS DEFENDANT OF HIS REGISTRATION DUTIES IN REGARD TO THIS CLASSIFICATION. * * *
 {¶ 5} Defendant timely appealed, stating four assignments of error. Because the third assignment of error is dispositive of the case, we discuss it first:
III. THE TRIAL COURT WAS WITHOUT JURISDICTION TO HOLD A CHILD VICTIM PREDATOR HEARING.
 {¶ 6} Defendant argues that the trial court erred because this court's order was to vacate the sexually oriented offender finding, not to hold a hearing on whether defendant was a child-oriented offender. We agree that the trial court lacked jurisdiction to hold a child-victim offender hearing, but for a reason slightly different from what defendant articulated. The court lacked jurisdiction because defendant did not meet the express conditions that permitted R.C. 2950.091 to be applied retroactively to him.
 {¶ 7} R.C. 2950.091 is, as defendant states in a later assignment of error, complicated. Different divisions of the statute apply depending upon when the child-oriented offense was committed, when the offender was sentenced, and what kind of classification the offender received at sentencing if his sentence was imposed prior to the effective date of the statute. It also outlines the procedure for holding a child-oriented offense hearing for offenses committed after the effective date of the statute.
 {¶ 8} The pertinent dates in the case at bar are as follows: the kidnapping occurred on May 19, 2002; defendant was convicted on January 28, 2003; defendant was sentenced on February 13, 2003; defendant was classified as a sexually-oriented offender on February 13, 2003. R.C. 2950.091 became effective on July 31, 2003.
 {¶ 9} The first section of the new statute reads:
(A) (1) If, prior to the effective date of this section, a person was convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing, a sexually oriented offense,if, prior to the effective date of this section, the offender
or delinquent child was classified a sexual predator in relation to that offense pursuant to division (A) of section2950.09 of the Revised Code, and if, on and after the effective date of this section, the sexually oriented offense upon which the classification was based no longer is considered a sexually oriented offense but instead is a child-victim oriented offense, notwithstanding the redesignation of the offense, the classification of the offender or child as a sexual predator remains valid and in effect on and after the effective date of this section. (Emphasis added.)
 {¶ 10} Because defendant was not designated a sexual predator at the hearing concerning sexual predator classification, this section does not apply to defendant.
 {¶ 11} The next section of division (A) of the statute reads:
(2) If, prior to the effective date of this section, a personwas convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing a sexually oriented offense, if,prior to the effective date of this section, the offender or delinquent child was adjudicated a sexual predator in relation to that offense under section 2950.09 or section 2152.82,2152.83, 2152.84, or 2152.85 of the Revised Code, if, on and after the effective date of this section, the sexually oriented offense upon which the adjudication was based no longer is considered a sexually oriented offense but instead is a child-victim oriented offense, and if division (A)(1) of this section does not apply, notwithstanding the redesignation of the offense, on and after the effective date of this section, the offender or delinquent child automatically is classified a child-victim predator. If a person is convicted, pleads guilty, or adjudicated a delinquent child in a court of another state, in a federal court, military court, or Indian tribal court, or in a court of any nation other than the United States for committing a child-victim oriented offense, and if, as a result of that conviction, plea of guilty, or adjudication, the person is required under the law of the jurisdiction in which the person was convicted, pleaded guilty, or adjudicated to register as a child-victim offender or sex offender until the person's death, that conviction, plea of guilty, or adjudication automatically classifies the person a child-victim predator for the purposes of this chapter, but the person may challenge that classification pursuant to division (F) of this section. (Emphasis added.)
Section (A)(2) similarly does not apply to defendant, because he was not adjudicated a sexual predator.
 {¶ 12} The next section under division (A) reads:
(3) In all cases not described in division (A)(1) or (2) ofthis section, a person who is convicted of or pleads guilty to,has been convicted of or pleaded guilty to, or is adjudicated a delinquent child for committing a child-victim oriented offensemay be classified a child-victim predator for purposes of this chapter only in accordance with division (B) or (C) of thissection or, regarding delinquent children, divisions (B) and (C) of section 2152.83 of the Revised Code. (Emphasis added.)
 {¶ 13} Division A depends upon whether divisions (B) or (C) apply, and they do not.
 {¶ 14} Section (B) reads:
(B) (1) (a) Regardless of when the offense was committed, the judge who is to impose sentence on or after the effective dateof this section on an offender who has been convicted of or pleaded guilty to a child-victim oriented offense shall conduct a hearing to determine whether the offender is a child-victim predator. (Emphasis added.)
Section (B)(1)(a) does not apply to defendant, because he was sentenced on February 13, 2003, prior to the effective date of the statute, July 31, 2003. On the first remand this court affirmed all portions of defendant's conviction and reversed only his sexually oriented offender status. Defendant was not resentenced. The hearing the court held on remand was not a sentencing hearing; rather, the court held a hearing in order to make a finding as to his classification under R.C. 2950.91. Because defendant's sentence was imposed prior to the effective date of the statute and there was, and still is, no basis to resentence him, section (B)(1) does not apply to defendant. Therefore, no hearing can be held on the authority of Section (B)(1)(a).
 {¶ 15} Nor does Section (B)(2) apply. Subsection (2) under division (B) requires that the judge hold the child-oriented offender hearing prior to the sentencing hearing. Subsection 3 addresses the procedure the trial court is to use when holding a hearing under (B)(1) and (4). We have explained above that (1) does not apply to defendant. Subsection (B)(4) similarly is conditioned upon (1). Because section (B) does not apply to defendant, who was sentenced prior to the effective date of R.C.2950.091, subsections (B)(3) and (B)(4) do not apply to him either.
 {¶ 16} Division (C) of the statute reads in pertinent part:
(C) (1) If, prior to the effective date of this section, aperson was convicted of or pleaded guilty to a sexually oriented offense, if, on and after the effective date of this section, the sexually oriented offense no longer is considered a sexually oriented offense but instead is a child-victim oriented offense, if the person was not sentenced for the offense on or afterJanuary 1, 1997, and if * * *.
Defendant in the case at bar was sentenced after January 1, 1997. Section (C)(1), therefore, does not apply to him. Nor does Section (C)(2), because its language "[i]f, pursuant to division (C)(1) of this section * * *" introduces a prerequisite we have determined above does not apply to defendant.
 {¶ 17} At oral argument, the prosecutor insisted that defendant fell under (C)(3) of the statute:
(3) Divisions (C)(1) and (2) of this section do not require a court to conduct a new hearing under those divisions for any offender regarding a child-victim oriented offense if, prior to the effective date of this section, the court previously conducted a hearing under divisions (C)(1) and (2) of section2950.09 of the Revised Code regarding that offense, while it formerly was classified a sexually oriented offense, to determine whether the offender was a sexual predator. Divisions (C)(1) and(2) of this section do not require a court to conduct a hearing under those divisions for any offender regarding a child-victim oriented offense if, prior to the effective date of this section and pursuant to divisions (C)(1) and (2) of section 2950.09 of the Revised Code, the department of rehabilitation andcorrection recommended that the offender be adjudicated a sexualpredator regarding that offense, while it formerly was classified a sexually oriented offense, and the court denied the recommendation and determined that the offender was not a sexual predator without a hearing, provided that this provision does not apply if the child-victim oriented offense in question was an offense described in division (D)(1)(c) of section 2950.01 of the Revised Code.
Both the first and second sentences of this subsection apply only to offenders who fit the requirements of (C)(1) and (C)(2), and we have above held defendant does not satisfy those requirements. Further, this subsection does not authorize any classification of an offender for a child-victim oriented offense; it simply explains whether there is any requirement for a hearing.
 {¶ 18} Even if, arguendo, the date limitations of section (C) did not disqualify defendant under (C)(3), the statutory requirement, in sentence two, for a previous recommendation from the Department of Rehabilitation and Corrections would eliminate him. Although the trial court stated at the second hearing on March 31, 2005 that it had received from the institution a "list identifying Mr. Gooden and others as people who should have sexual predator hearings * * *," the court further stated the screening instrument it received expressly did not recommend any such status for defendant.
 {¶ 19} At the first hearing, the trial court sentenced defendant for the crime and found him to be a sexually-oriented offender on the same date, February 13, 2002. At the time of his sentencing and initial offender hearing, defendant had not yet been in prison. The Department of Rehabilitation and Corrections, therefore, could not have made a recommendation for a prisoner it did not yet have.
 {¶ 20} Nothing in the record indicates that the Department of Rehabilitations and Corrections ever made any recommendation regarding his classification, even later after he had been sent to prison. The record reflects that, prior to holding its second hearing on remand from this court, the trial court ordered an H.B. 180 packet from the warden. As it noted in its judgment entry, however, the court "RECEIVED NO SCREENING INSTRUMENT FROM THE ORDC RECOMMENDING THAT DEFENDANT BE CLASSIFIED AS A SEXUAL PREDATOR." Judgment Entry of April 1, 2005. Because the date requirements of section (C) exclude defendant and because the Department of Rehabilitation and Corrections never recommended that he be found a sexual predator, section (C)(3) does not authorize any classification of defendant.
 {¶ 21} We conclude that divisions (A), (B), and (C) of R.C.2950.091 do not fit the facts of this case.
 {¶ 22} Nor do the remaining divisions apply. Division (D) is limited in application to juvenile offenders. Division (E) addresses offenders who previously had been determined to be habitual sex offenders. Because defendant was not adjudicated a habitual sex offender, this section does not apply to him. Division (F) of the statute applies to persons who have been adjudicated a child-oriented offender in "a court of another state, in a federal court, a military court, or Indian tribal court, or in a court of any nation other than the United States for committing a child-victim oriented offense." Because defendant's conviction was in Cuyahoga County, Ohio, this division does not apply to him.
 {¶ 23} In fact, no section of R.C. 2950.091 is applicable to defendant in the case at bar. The trial court lacked jurisdiction, therefore, both to hold a hearing under the child-victim offender statute and to find defendant to be a child-victim offender. Accordingly, we vacate the finding that defendant is a child-victim offender and remand the case for the trial court to remove that designation from defendant's record. Because of the outcome of our analysis, the remaining assignments of error are moot.[1]
Vacated and remanded.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and McMonagle, J., concur.
[1] The remaining assignments of error state: I. THE TRIAL COURT ERRED BY NOT FOLLOWING THE COURT OF APPEAL'S DIRECTIVE.
II. THE TRIAL COURT ERRED BY IGNORING THE DOCTRINE OF RES JUDICATA AS THIS MATTER WAS ADJUDICATED BY THE COURT OF APPEALS.
IV. THE TRIAL COURT ERRED BY NOT RULING THAT R.C. 2950.01 IS UNCONSTITUTIONAL.